

September 7, 2023

Honorable William E. Smith
U.S. District Court for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re:  *Rhode Island Association of Coastal Taxpayers v. Peter Neronha, et al.*,
     No. 1:23-cv-00278-WES-LDA, Notice of Supplemental Authorities

Dear Honorable William E. Smith:

This letter is intended to apprise the Court of the correct citations to certain cases referred to at the hearing on Defendants' motion to dismiss held on September 6, 2023, as well as additional, relevant authority which has come to Plaintiff's attention.

First, at the hearing, there was extended discussion about *Severance v. Patterson*, a case in which a beachfront owner sued several state officials, challenging a "rolling easement" policy as a taking under *Ex parte Young*. The primary citation for the case is 566 F.3d 490 (5th Cir. 2009). This citation was mentioned at the hearing. However, there is another, subsequent opinion from the Fifth Circuit in the *Severance* case. This additional, final opinion concludes that Plaintiff stated a viable claim for an unreasonable seizure of private property due to enlargement of a beach easement on private land. The citation is *Severance v. Patterson*, 682 F.3d 360 (5th Cir. 2012).

Second, the court should consider *Sheffield v. Bush*, 604 F. Supp. 3d 586 (S.D. Tex. 2022), a recent follow-up to *Severance*. In *Sheffield*, a federal district court considered an *Ex parte Young*-based takings claim against a state official with power to enforce an administrative order which expanded the public beach on the Texas gulf coast. The court deferred ruling on the defendant's standing defense until it decided the merits, but otherwise rejected the defendant's motion to dismiss the complaint. Pertinent here, the court rejected the official's contention that the takings claim was not properly raised under *Ex parte Young* because "the proper remedy for a taking is compensation—not equitable relief." *Id*. at 603. The *Sheffield* court held that no Supreme Court precedent "prohibits a litigant from bringing a claim for equitable relief under *Ex parte Young* for violations of the Fifth Amendment Takings Clause against a state agency when monetary relief is unavailable in federal court." *Id*. The court pointed to "cases where litigants properly brought takings actions under *Ex parte Young* and sought prospective,

Honorable William E. Smith
September 7, 2023
Page 2

equitable relief in federal court." *Id*. (citing *Severance v. Patterson*, 566 F.3d at 495 (holding that a suit seeking prospective equitable relief to determine whether the State may constitutionally impose an easement was not barred by sovereign immunity)). The court also rejected an abstention defense, *id*. at 604-05. Ultimately, relying on *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), the court held that the Sheffield plaintiffs stated a viable takings claim based on imposition of an easement. 604 F. Supp. 3d at 602 (citing *Cedar Point*, 141 S. Ct. at 2074).

                                                    Respectfully submitted,

| /s/ J. David Breemer | /s/ Daniel J. Procaccini |
|---|---|
| J. DAVID BREEMER* | DANIEL J. PROCACCINI (#8552) |
| Cal. Bar No. 215039 | Adler Pollock & Sheehan P.C. |
| JEREMY TALCOTT* | One Citizens Plaza, 8th Floor |
| Cal. Bar No. 311490 | Providence, Rhode Island 02903-1345 |
| Pacific Legal Foundation | Telephone: (401) 274-7200 |
| 555 Capitol Mall, Suite 1290 | Facsimile: (401) 351-4607 |
| Sacramento, California 95814 | dprocaccini@apslaw.com |
| Telephone: (916) 419-7111 | |
| JBreemer@pacificlegal.org | |
| JTalcott@pacificlegal.org | |
| * *Pro Hac Vice* | |

cc:  All Counsel